IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16 CV 776

| | |
|---|---|
| OMEGA T. CAPERS, )<br>)<br>    Plaintiff )<br>) | |
| ) | **ORDER** |
| **v** ) | |
| ) | |
| DUKE ENERGY CAROLINAS, LLC, ) | |
| ) | |
|     Defendant. ) | |

**THIS MATTER** is before the undersigned pursuant to Defendant's Motion to Compel (#11) filed by counsel for Defendant. LCvR 7.1(B) and (C) states as follows:

**(B)** **Requirement of Consultation**. Any motions other than for dismissal, summary judgment, or default judgment shall show that counsel have conferred or attempted to confer and have attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved.

**(C)** **Requirement of Briefs.** Briefs shall be filed <u>contemporaneously</u> with the motion, except no brief is required in support of timely motions for extension of time, continuances, admission *pro hac vice*, or early discovery. Exhibits in support of a brief shall be attached as appendices as specified in the <u>Administrative Procedures</u>. Factual contentions shall be supported as specifically as possible by citation to exhibit number and page.

The Pretrial Order and Case Management Plan (#10) entered in this matter by United States District Judge Robert J. Conrad, Jr. provides:

1

## II.

> F. MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

An examination of Defendant's Motion to Compel shows that Defendant has not shown that counsel has attempted to confer regarding Defendant's motion. Defendant does discuss several emails concerning discovery, but there is never a clear indication that Defendant's counsel has contacted Plaintiff's counsel and advise them specifically that the Motion to Compel would be filed and that they have attempted to confer in good faith to resolve the areas of disagreement as required by Local Rules and by Judge Conrad's Pretrial Order and Case Management Plan.

An examination of the motion further shows that Defendant has not filed a brief in support of the motion. Defendant does have a portion of its motion delineated as "Law and Argument" but that does not satisfy the requirement of a separate brief as set forth by Local Rule 7.1(C).

For the above reasons, Defendant's Motion to Compel will be denied without prejudice.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that Defendant's Motion to Compel (#11) is **DENIED** for the foregoing reasons without prejudice**.**

Signed: June 28, 2017

Dennis L. Howell
United States Magistrate Judge